UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SHAYLON SMITH,<br><br>        Petitioner,<br> v.<br><br>WARDEN BAKER, *et al.*,<br><br>        Respondents. | Case No. 3:17-cv-00579-MMD-VPC<br><br>ORDER |

This habeas matter comes before the Court on petitioner's application to proceed *in forma pauperis* (ECF No. 1) and for initial review under Rule 4 of the Rules Governing Section 2254 Cases (the "Habeas Rules"). Petitioner has paid the filing fee, and the Court therefore will deny the pauper application as moot and proceed to initial review.

**I. BACKGROUND**

Petitioner Shaylon Smith refers in his entirely handwritten petition to his conviction in two Nevada state criminal proceedings in Nos. 158098 and 159872 in the same state district court.[1]

---

[1] While it is not necessarily clear at this juncture that he has done so, Habeas Rule 2(e) does not prohibit petitioner from challenging in a single federal petition a conviction in two different cases from the same state court.

The Court takes judicial notice of the online docket records of the state district court and state supreme court. *E.g., Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012). The online docket records of the state courts may be accessed from:
https://www.clarkcountycourts.us/Anonymous/default.aspx
https://nvcourts.gov/Supreme/

The original judgment of conviction in No. 158098 was entered on February 8, 2000; and the last order that possibly might be construed as an amended judgment of conviction was entered on or about April 22, 2002. Petitioner was dishonorably discharged from his remaining probation a short time later on or about October 11, 2002.

Petitioner did not file a direct appeal from any original or amended judgment in No. 158098, and he did not file a state post-conviction petition or other proceeding seeking collateral review in that matter at any time.

The original judgment of conviction in No. 159872 was entered on March 16, 2000, and an amended judgment of conviction was entered on May 9, 2000. Petitioner did not file a direct appeal from either judgment, and the time to file an appeal from the amended judgment expired on or about June 8, 2000.

Sixteen years later, on June 13, 2016, petitioner filed a motion to modify or correct an illegal sentence in No. 159872. The state district court's denial of relief was affirmed on appeal, in No. 71009 in the state appellate courts. The remittitur issued on May 17, 2017.

Petitioner dispatched the current petition between May 12, 2017, and September 20, 2017, after a prior action was dismissed without prejudice because it was submitted without either a pauper application or payment of the filing fee. Petitioner constructively filed his papers in the prior action, No. 3:17-cv-00288-MMD-VPC, on or about May 2, 2017.[2]

**II. DISCUSSION**

Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise tolled or subject to delayed accrual, begins running after "the date on which the

///
///

---

[2]The papers in the present action contain a number of different dates, many of which substantially predate and thus are not necessarily consistent with the September 20, 2017, actual filing date. On the present record, the exact date does not appear to be outcome determinative. In any event, the Court may be inclined to allow petitioner the benefit of the earlier filing date in the prior action.

judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review."

On the current record, the limitation period as to the conviction in No. 159872, which is the main if not sole conviction challenged herein, began running after the time expired to appeal the amended judgment of conviction, *i.e.*, after June 8, 2000. Absent a basis for tolling or delayed accrual, the federal limitation period therefore expired as to No. 159872 on June 8, 2001. While the June 13, 2016, state court motion potentially would statutorily toll the running of an otherwise unexpired limitation period through May 17, 2017, under § 2244(d)(2), the prospect of such tolling would be of no avail to petitioner if the expiration period already had expired prior to that point. On the current record, the federal limitation period expired fifteen years earlier on June 8, 2001, such that the federal petition is untimely, as a challenge to the conviction in No. 159872, even if the petition is deemed to have been constructively filed on May 2, 2017.

On the current record, the limitation period as to the conviction in No. 158098, to the extent challenged herein,[3] began running, at the very latest, thirty days after the April 22, 2002, order therein, *i.e.*, after May 22, 2002. Absent a basis for tolling or delayed accrual, the federal limitation period therefore expired as to No. 158098 on May 22, 2003. The federal petition in this matter was not mailed for filing until nearly fourteen years later, even if the petition is deemed to have been constructively filed on May 2, 2017.

Petitioner therefore must show cause why the petition should not be dismissed with prejudice as time-barred under § 2244(d).

In this regard, petitioner is informed that the one-year limitation period may be equitably tolled. Equitable tolling is appropriate only if the petitioner can show that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th

---

[3]The sentence in No. 158098 appears to have long since expired, but the sentence in No. 159872 apparently was imposed consecutively to the sentence in No. 158098.

Cir.1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." 292 F.3d at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

Petitioner further is informed that, under certain circumstances, the one-year limitation period may begin running on a later date or may be statutorily tolled. *See* 28 U.S.C. § 2244(d)(1)(B), (C), (D) & (d)(2).[4]

Petitioner further is informed that, if petitioner seeks to avoid application of the one-year limitation period based upon a claim of actual innocence, he must come forward with new reliable evidence tending to establish actual factual innocence, *i.e.*, tending to establish that no juror acting reasonably would have found him guilty beyond a

---

[4]Subparagraph (d) of § 2244 provides in full:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

1 reasonable doubt, potentially as to all charges pending against him prior to his plea in each case. *See McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013); *House v. Bell*, 547 U.S. 518 (2006); *Bousley v. United States*, 523 U.S. 614 (1998); *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011) (*en banc*).

## III. CONCLUSION

It therefore is ordered that petitioner's application to proceed *in forma pauperis* (ECF No. 1) is denied as moot following upon his payment of the filing fee (ECF No. 3).

It further is ordered that the Clerk of Court file the petition and accompanying papers.[5]

It further is ordered that, within thirty (30) days of entry of this order, petitioner must show cause in writing why the petition should not be dismissed with prejudice as time-barred. If petitioner does not timely respond to this order, the petition will be dismissed with prejudice without further advance notice. If petitioner responds but fails to show with specific, detailed and competent evidence why the petition should not be dismissed as untimely, the action will be dismissed with prejudice.

It further is ordered that all assertions of fact made by petitioner in response to this show-cause order must be detailed, must be specific as to time and place, and must be supported by competent evidence. The Court will not consider any assertions of fact that are not specific as to time and place, that are not made pursuant to a declaration under penalty of perjury based upon personal knowledge, and/or that are not supported by competent evidence filed by petitioner in the federal record. Petitioner must attach copies

---

[5]The filing of the petition does not signify that the petition otherwise is free of other deficiencies. *Inter alia*, the entirely handwritten petition was not submitted on the habeas petition form required by the Court's local rules. The Court defers consideration of any and all remaining deficiencies in the papers presented until after it has determined whether the action is timely in the first instance.

Petitioner's motion for appointment of counsel will remain under submission pending the Court's consideration of the timeliness issue. Petitioner therefore must respond to this show-cause order in proper person, without the assistance of counsel. Taking into account the issues presented and the petitioner's ability to present his position *pro se* with the resources available to him, the Court does not find that the interests of justice require the appointment of counsel during the current review of the timeliness issue.

of all materials upon which he bases his argument that the petition should not be dismissed as untimely. Unsupported assertions of fact will be disregarded.

DATED THIS 6th day of October 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE