UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SHAYLON SMITH,<br><br>   Petitioner,<br><br> v.<br><br>WARDEN BAKER, *et al.*,<br><br>   Respondents. | Case No. 3:17-cv-00579-MMD-CBC<br><br>ORDER |

Before the Court is Respondents' Motion for Leave to File Documents *In Camera* and Under Seal (ECF No. 44).[1] No response was filed and the deadline for doing so has expired. For the reasons discussed below, Respondents' motion is granted in part and denied in part.

Respondents seek leave to file under seal a total of nine records: Exhibits 185 and 186: two Presentence Investigation Reports ("PSI") (ECF Nos. 45-1, 45-2); Exhibit 246: Order to Proceed in Forma Pauperis (ECF No. 45-3); Exhibits 247, 250, and 260: three Certificates of Inmate's Institutional Account (ECF Nos. 45-4, 45-7, 45-9); Exhibits 248, 249, and 259: three Applications to Proceed in Forma Pauperis (ECF Nos. 45-5, 45-6,

---

[1]The Court notes that documents filed *in camera* are not the same as documents filed under seal. A document filed *in camera* is not made part of the record, and the document is viewed only by the Court, not by other parties or the public. LR IA 10-4. *In camera* review is disfavored and its application is generally confined to situations where a court resolves a dispute regarding an asserted privilege. *See, e.g.*, *Nishika, Ltd. v. Fuji Photo Film Co.*, 181 F.R.D. 465, 467 (D. Nev. 1998). Documents filed under seal, on the other hand, can be viewed by the Court and other parties but not by the public, and the document is part of the record. LR IA 10-5. The Local Rules of Practice provide that the Court's electronic files constitute its official record. LR IC 1-1(e). With limited exceptions, counsel must electronically file *all submissions* to the Court through the CM/ECF system. This includes all exhibits, LR IA 10-3, LR IC 2-2, and sealed documents, LR IA 10-5, LR IC 4-1.
 Because Respondents have filed the subject exhibits (ECF No. 45) under seal through CM/ECF, the Court construes the instant motion as only requesting permission for sealing, not *in camera* review.

45-8). Respondents note that, under Nevada law, a PSI is "confidential and must not be made a part of any public record." NRS § 176.156(5). The remaining documents address Smith's request for *in forma pauperis* ("IFP") status, which allows a litigant to proceed with his or her case without prepaying a court's standard filing fee. Respondents indicate that Smith's IFP documents were filed under seal in the state trial court. Respondents seek to "comply with the actions of the trial court" and ask this Court to seal the same IFP documents. (ECF No. 44 at 2.) Compelling reasons purportedly exist for sealing the IFP documents because the trial court never made the filings public.

Having reviewed and considered the matter in accordance with the Ninth Circuit's directives set forth in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), and its progeny, the Court finds that a compelling need to protect Smith's privacy and/or personal identifying information in his PSI outweighs the public interest in open access to court records. Respondents have met their burden of establishing compelling reasons for Exhibits 185 and 186 to remain sealed. However, the remaining exhibits lack a need for protection.

In general, compelling reasons for sealing exist when court records might become a vehicle for improper purposes, such as "to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Demaree v. Pederson*, 887 F.3d 870, 884 (9th Cir. 2018) (quoting *Kamakana*, 447 F.3d at 1179).

Respondents' only justification for sealing the IFP documents is that the trial court previously did so. However, Smith's IFP documents do not display any personal data identifiers such as social security numbers, date of birth, financial account numbers, etc. *E.g.,* LR IC 6-1(a); Fed. R. Civ. P. 5.2. The trial court's unexplained sealing of the IFP documents does not provide compelling reasons for this Court to do the same.

Accordingly, it is ordered that Respondents' Motion for Leave to File Exhibits Under Seal (ECF No. 40) is granted in part and denied in part as follows:

/ / /

/ / /

1. Exhibits 185 and 186 (ECF Nos. 45-1, 45-2) are considered properly filed under seal.
2. The Clerk of Court shall UNSEAL Exhibits 246, 247, 248, 249, 250, 259, and 260 (ECF Nos. 45-3, 45-4, 45-5, 45-6, 45-7, 45-8, 45-9).

DATED THIS 21st day of June 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE