UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

SHAYLON SMITH,

Petitioner,

v.

WARDEN BAKER, *et al.*,

Respondents.

Case No. 3:17-cv-00579-MMD-CLB

**ORDER**

I. **INTRODUCTION**

This counseled habeas matter is before the Court on Respondents' Motion to Dismiss (ECF No. 30). Petitioner Shaylon Smith has opposed (ECF No. 50), and Respondents have replied (ECF No. 52). For the reasons discussed below, Respondents' motion is granted and Smith's Amended Petition for Writ of Habeas Corpus (ECF No. 19) is dismissed with prejudice as time-barred.

II. **BACKGROUND**[1]

Smith challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. In January 2000, Smith entered a guilty plea to one count of burglary while in possession of a firearm (Count I) and two counts of robbery with use of a deadly weapon (Counts III and IV). (ECF No. 38-13 (Ex. 164).) On March 9, 2000, the state court entered a judgment of conviction sentencing Smith on Count I to 56–136 months; on Count III to 56–136 months plus an equal and consecutive term of 56–136 months to run concurrent with Count I; and on Count IV to 56–136 months plus an equal and consecutive term of 56–136 months to run consecutive to Count III; with no credit for time served. (ECF No. 38-44 (Ex. 195).)

---

[1]This procedural history is derived from the state record located at ECF Nos. 32–43.

Two weeks after judgment was entered, Smith filed a motion for clarification of the sentencing terms. (ECF No. 38-47 (Ex. 198).) The state court held a hearing in April 2000, during which the parties informed the judge of a mathematical error in the judgment. (ECF No. 39-3 (Ex. 204).) To correct the clerical error without "resentencing entirely," the parties recommended decreasing the front end of Smith's sentences to 54 months instead of 56, and the state court agreed. (*Id.*). An amended judgment of conviction was entered on May 9, 2000, which corrected the minimum sentence of 56 months on each count to 54 months. (ECF No. 39-5 (Ex. 206).) Smith did not appeal or file a state petition for writ of habeas corpus seeking post-conviction relief.

Sixteen years after entry of the amended judgment, on June 13, 2016, Smith filed a *pro se* motion for modification of sentence and correction of illegal sentence ("2016 Motion"). (ECF No. 39-61 (Ex. 262).) Smith argued that the state court erred by increasing the restitution amount and miscalculating his credit for time served, imposing a sentence for burglary that was greater than the sentence discussed in the guilty plea agreement, and imposing multiple sentences and weapons enhancements for his two counts of robbery with use of a deadly weapon. Smith further asserted that his presentence investigation report ("PSI") contained misleading and inaccurate information regarding his arrests and prior convictions, his tattoos, the presentence credit amount, and the factual circumstances of the underlying offense.

The state court held a hearing and denied the 2016 Motion. (ECF No. 40-6 (Ex. 268).) Smith appealed. The Nevada Court of Appeals affirmed the state court's ruling, finding that Smith's claims feel outside the narrow scope of claims permissible in a motion to modify or correct an illegal sentence. (ECF No. 43-4 at 2 (Ex. 280).) With regard to the PSI, the appellate court concluded that Smith failed to demonstrate that the state court relied on mistaken assumptions about his criminal record that worked to his extreme detriment. (*Id.* at 3.) A remittitur issued on June 6, 2017. (ECF No. 43-5 (Ex. 281).)

On September 20, 2017, Smith initiated this federal habeas corpus proceeding *pro se*. (*See* ECF No. 1.) This Court subsequently appointed counsel to represent him and

granted leave to amend the petition. (ECF No. 9.) He filed a counseled First Amended Petition for Writ of Habeas Corpus (ECF No. 19) ("Petition") in September 2018, alleging three grounds for relief under the United States Constitution:[2]

Ground 1: The state court violated Smith's rights under the Fifth Amendment's Double Jeopardy Clause "when it imposed an illegal sentence of punishment where it committed double jeopardy and did so by way of how the Criminal Information was presented and the criminal actions that took place." (*Id.* at 6.)

Ground 2(A): The state court violated Smith's rights under the Fourteenth Amendment's Due Process Clause by confusing Smith and his brother/co-defendant, Matthew Smith, during sentencing because they had the same last name and attributing crimes committed by Matthew Smith to Petitioner Smith, thus, increasing his penalty. (*Id.* at 14.) Smith further claims the state court imposed an illegal sentence because he did not commit the crimes listed within the PSI.

Ground 3: The state court violated Smith's due process rights under the Fifth and Fourteenth Amendments by increasing Smith's sentence and restitution on Count I Burglary from the original judgment and doing so without Smith being present. (*Id.* at 22.)

Respondents move to dismiss Smith's Petition as untimely and unexhausted.

## III. TIMELINESS

### A. Legal Standard

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year period of limitations for state prisoners to file a federal habeas petition pursuant to 28 U.S.C. § 2254. The one-year limitation period, *i.e.*, 365 days, begins to run from the latest of four possible triggering dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is

---

[2] The Petition alleges a total of five grounds; however, Smith withdrew Grounds 2(B) and 4 in his opposition to the motion to dismiss. (ECF No. 50 at 3–4.)

3

removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

When no direct appeal is filed, a judgment of conviction becomes final when the time period for seeking such review expires. 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012) (when a state prisoner "does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires"). For prisoners convicted in Nevada, a notice of appeal must be filed "with the district court clerk within 30 days after the entry of the judgment or order being appealed." Nev. R. App. P. 4(b)(1). When a state court issues an amended judgment of conviction, it is considered a "new judgment, starting a new one-year statute of limitations." *Smith v. Williams*, 871 F.3d 684, 688 (9th Cir. 2017).

Under Ninth Circuit precedent, a motion to correct or vacate an illegal sentence in Nevada constitutes an application for collateral relief and results in statutory tolling when it challenges the same judgment as the judgment the federal petition challenges. *Tillema v. Long*, 253 F.3d 494, 499 (9th Cir. 2001). However, an application for state post-conviction relief does not toll the AEDPA statute of limitations where it is filed after AEDPA's one-year limitation has expired. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003); *Jimenez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).

**B.    Smith's Federal Petition is Untimely**

Smith's amended judgment of conviction was entered May 9, 2000, and he did not file a direct appeal. Thus, his conviction became final when the time expired for filing a notice of appeal with the Nevada appellate courts on June 8, 2000. The federal statute of limitations thus began to run the following day. Accordingly, absent another basis for tolling or delayed accrual, the limitations period expired 365 days later on June 8, 2001.

Smith argues that his petition is timely because he is not challenging his amended judgment of conviction; rather, he challenges the Nevada Court of Appeals' order of affirmance, dated April 19, 2017, which affirmed the denial of his 2016 Motion. (ECF No. 50 at 1–2.) Smith contends that AEDPA's statute of limitations did not begin to run until April 19, 2017, at the earliest because NRS § 176.555 provides no statute of limitations for a motion to modify or correct an illegal sentence, and prisoners may file such a motion at any time.

Smith's argument lacks merit. AEDPA "places limitations on a federal court's power to grant a state prisoner's federal habeas petition." *Hurles v. Ryan*, 752 F.3d 768, 777 (9th Cir. 2014) (citing *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)). When conducting habeas review, a federal court is limited to deciding whether a conviction violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Federal habeas relief is unavailable "for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). This Court lacks jurisdiction to review the Nevada Court of Appeals' decision regarding his motion to modify or correct an illegal sentence. *See Dugger v. Adams*, 489 U.S. 401, 409 (1989) ("[T]he availability of a claim under state law does not of itself establish that a claim was available under the United States Constitution."). Smith was incarcerated pursuant to the amended judgment of conviction at the time he filed his original federal petition in September 2017.[3] There is no question that he seeks federal habeas relief to attack the amended judgment and resulting sentence. (*Cf.* Response to Order to Show Cause, ECF No. 8 at 6 ("Smith wishes to reiterate that he is challenging the sentencing through way of plea bargaining agreement")).

In passing, Smith cites § 2244(d)(1)(B) and (D) as grounds for statutory tolling, *i.e.*, delayed accrual. (ECF No. 50 at 2:15.) Subsection (B) allows for delayed accrual of the

---

[3]According to the Nevada Department of Corrections' ("NDOC") online records, Smith is now on parole. The Court takes judicial notice of Smith's current location and status as reported in the NDOC's online records. The inmate search tool may be accessed by the public online at: https://ofdsearch.doc.nv.gov/.

AEDPA limitations period when the state creates an impediment to filing a habeas federal petition "in violation of the Constitution or laws of the United States" until such impediment is removed, if the impediment *actually prevented* the petitioner from filing. Under Subsection (D), the AEDPA limitations period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *See Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (AEDPA clock starts under § 2244(d)(1)(D) when a prisoner "knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance"). Smith provides no facts whatsoever to show a state-created impediment to filing or 15 years of diligent efforts to discover the factual predicates of his claims.

Absent another basis for tolling or delayed accrual, Smith's AEDPA limitations period expired one year after entry of his amended judgment on June 8, 2001.

**C.    Smith has not Demonstrated an Entitlement to Equitable Tolling**

The Supreme Court has held that AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). However, equitable tolling is appropriate only if the petitioner can show that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A petitioner "must show that some 'external force' caused his untimeliness, rather than mere 'oversight, miscalculation or negligence'." *Velasquez v. Kirkland*, 639 F.3d 964, 969 (9th Cir. 2011) (quoting *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009)). Accordingly, he must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g.*, *Bryant v. Arizona Att. Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007) (untimeliness must be "caused by an external impediment and not by [petitioner's] own lack of diligence"); *Lott v. Mueller*, 304 F.3d 918, 922–23 (9th Cir. 2002) (court must examine whether, notwithstanding extraordinary circumstances, the petitioner could have filed a timely petition). The petitioner bears the burden of demonstrating that he is entitled to equitable tolling. *Espinoza-Matthews v.*

*California*, 432 F.3d 1021, 1026 (9th Cir. 2005). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quotation omitted).

Smith argues, even if the petition is untimely, the statute of limitations was tolled until he first obtained copies of his judgment and amended judgment in 2016. (ECF No. 50 at 2.) The state record shows that Smith was not present at the April 2000 hearing in state court on the motion for clarification of terms of sentence. (ECF No. 39-3 (Ex. 204).) He claims he was unaware of the change in his sentence or the amended judgment until he requested records from the state court in relation to his 2016 Motion. (ECF No. 19 at 22:22–25; *see also* ECF No. 8 at 10 (noting, "only while casually talking to the inmate lay person assisting herein did [Smith] find that there could be a double jeopardy violation").)

Smith is not entitled to equitable tolling because he has not alleged or shown any efforts to pursue his rights between May 2000 when the amended judgment was entered and the filing the 2016 Motion. "The diligence required for equitable tolling is 'reasonable diligence,' not 'maximum feasible diligence'." *Doe v. Busby*, 661 F.3d 1001, 1012 (9th Cir. 2011) (quoting *Holland*, 560 U.S. at 653). "Reasonable diligence requires only 'the effort that a reasonable person might be expected to deliver under his or her particular circumstances'." *Fue v. Biter*, 842 F.3d 650, 654 (9th Cir. 2016) (en banc) (quoting *Doe*, 661 F.3d at 1015). "To determine if a petitioner has been diligent in pursuing his petition, courts consider the petitioner's overall level of care and caution in light of his or her particular circumstances." *Id.* (quoting *Doe*, 661 F.3d at 1013).

Two of Smith's claims are based on facts that were available to him before he pleaded guilty or were revealed during sentencing in March 2000. Ground 1 claims that the charging document violated double jeopardy and Ground 2(A) claims that he was punished for crimes committed by his brother and he did not commit the crimes listed in the PSI. Smith was charged by information in July 1999 (ECF No. 35-9 (Ex. 47)), and his PSI was submitted in February 2000 (ECF No. 45-2 (Ex. 186)). Smith was present at

7

sentencing on March 9, 2000. (ECF No. 38-42 (Ex. 193).) Thus, he was on notice of the facts alleged in Grounds 1 and 2(A). Even if Smith did not receive a copy of the judgment or amended judgment, Smith was on notice of the predicate facts no later than his sentencing in March 2000, yet he failed to pursue his rights for 16 years.

In addition, Smith has not shown diligence in pursing his rights on the post-sentencing claim. Ground 3 claims the state court violated Smith's due process rights by increasing Smith's sentence and restitution on Count I Burglary and doing so without Smith being present. The record shows that amended judgment corrected a clerical error in the original judgment *at Smith's request*, and it decreased—not increased—Smith's sentences on all three counts. (*See* ECF No. 38-47 (Ex. 198 (Smith's motion for clarification of terms of sentence)); ECF No. 39-5 (Ex. 206 (amended judgment)).) Although he was not physically present for the April 2000 hearing, no competent evidence supports Smith's factual assertion that he was unaware of the amended judgment. Furthermore, given the short time between entry of the original judgment and amended judgment—less than two months—Smith was likely to discover the facts he alleges in Ground 3 if he had made diligent efforts to pursue his rights on the other two claims.

Nothing in the record indicates that Smith's access to the courts was obstructed in any way or demonstrates any efforts to pursue his claims until many years after the AEDPA deadline expired. Equitable tolling is thus unavailable.

## IV.  CERTIFICATE OF APPEALABILITY

The standard for the issuance of a certificate of appealability requires a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). The Supreme Court has interpreted § 2253(c) as follows: "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077–79 (9th Cir. 2000).

Applying this standard, the Court finds that a certificate of appealability is

unwarranted in this case. The Court will therefore deny Smith a certificate of appealability.

**V.    CONCLUSION**

In accordance with the foregoing, it is therefore ordered that Respondents' Motion to Dismiss (ECF No. 30) is granted. Smith's Amended Petition for Writ of Habeas Corpus (ECF No. 19) is dismissed with prejudice as time-barred.

It further is ordered that a certificate of appealability is denied, as reasonable jurists would not find the district court's dismissal of the federal petition as untimely to be debatable or wrong, for the reasons discussed herein.

The Clerk of Court is instructed to enter final judgment accordingly, in favor of Respondents and against Smith, dismissing this action with prejudice and close this case.

DATED THIS 17th day of March 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE